79. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

80. As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damage and losses, including, but not limited to, irreparable injury to its business reputation and goodwill. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation visual designs being used, offered, advertised, marketed, installed or distributed by Defendants. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, names, and visual designs are unique and valuable property which have no readily determinable market value, (b) Defendants' advertising, marketing, installation or distribution of imitation visual designs constitutes harm to Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## COUNT V

### (Violation of Anti-Counterfeiting Amendments Act of 2004, 18 U.S.C. § 2318)

81. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 80, inclusive.

82. Microsoft distributes its software with currency-like certificates or labeling components known as Certificates of Authenticity and Certificate of Authenticity Labels (collectively, "COA Labels"). Microsoft distributes COA Labels with its software to verify that the software is genuine Microsoft software and is not counterfeit or infringing of any copyright.

83. Defendants have knowingly trafficked in illicit Microsoft COA Labels, documentation and packaging (including certificates, licensing documents, registration cards and similar labeling components), by distributing or intending to distribute genuine Microsoft COA Labels, documentation and packaging, without the Microsoft software to which such

COA Labels, documentation and packaging were intended by Microsoft to be affixed, enclosed or accompanied, in violation of 18 U.S.C. § 2318(a).

84. Upon information and belief, Defendants have knowingly trafficked in counterfeit Microsoft documentation and packaging (including VLK labels and other product key labels), by affixing, enclosing, and accompanying Microsoft software and counterfeit and infringing Microsoft software with counterfeit documentation and packaging, in violation of 18 U.S.C. § 2318(a).

85. Defendants' wrongful conduct was committed within the United States and involved the use or intended use of mail or a facility of interstate or foreign commerce.

86. Microsoft is entitled to recover damages and Defendants' profits pursuant to 18 U.S.C. § 2318(f)(3) or, alternatively, statutory damages pursuant to 18 U.S.C. § 2318(f)(4).

87. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

88. Microsoft is also entitled to recover its attorney's fees and costs of suit pursuant to 18 U.S.C. § 2318(f)(2)(C)(i).

## COUNT VI
### (Constructive Trust upon Illegal Profits)

89. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 88, inclusive.

90. Defendants' conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off the infringing software or related components as approved or authorized by Microsoft.

91. By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

92. Microsoft is also entitled, pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 504(b), 17 U.S.C. § 1203(c), and 18 U.S.C. § 2318(f)(3), to recover any and all profits of Defendants that are attributable to their acts of infringement or violations thereof.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 22

93. Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, and personal property (including motor vehicles) that can be located and traced.

94. Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

## COUNT VII

### (Unjust Enrichment)

95. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 94, inclusive.

96. Defendants have usurped for themselves proprietary information, revenues, and other property rights belonging to Microsoft for the purpose of enhancing the commercial value of Defendants' goods.

97. As a direct and proximate result of their unlawful and improper acts, Defendants have been unjustly enriched and Microsoft has suffered, and will continue to suffer, loss of profits by virtue of Defendants' conduct. The exact amount of unjust profits realized by Defendants and profits lost by Microsoft are presently unknown to it and cannot be readily ascertained without an accounting.

98. Defendants' unlawful advertising, marketing, installing, offering and/or distributing of counterfeit, tampered and/or infringing copies of Microsoft software and components, and their usurpation of Microsoft's proprietary information, revenues and other property rights belonging to Microsoft, has caused and will continue to cause irreparable injury to Microsoft unless Defendants are preliminarily and permanently restrained and enjoined from this activity.

## COUNT VIII

### (Accounting)

99. Microsoft repeats and incorporates by this reference each and every allegation as set forth in paragraphs 1 through 98, inclusive.

100. Microsoft is entitled, pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 504, 17 U.S.C. § 1203(c), and 18 U.S.C. § 2318, to recover any and all profits of Defendants that are attributable to their acts of infringement or violations thereof.

101. The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material offered for distribution and distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendants finding that they have:

   a. willfully infringed Microsoft's rights in the following federally registered copyrights, in violation of 17 U.S.C. § 501:

   (1) TX 5-407-055 ("Windows XP Professional");

   (2) TX 5-036-267 ("Windows 2000 Professional");

   (3) TX 5-837-617 ("Office 2003 Professional");

   (4) TX 5-872-225 ("Access 2003");

   (5) TX 5-837-636 ("Excel 2003");

   (6) TX 5-900-087 ("Outlook 2003");

   (7) TX 5-852-649 ("PowerPoint 2003");

   (8) TX 5-900-088 ("Word 2003");

   (9) TX 5-837-618 ("Publisher 2003"); and

   (10) Any other items or works now or hereafter protected by any Microsoft copyright;

   b. were and are actively engaged in the business of importing (to the United States), offering to the public, providing and trafficking in counterfeit and/or unauthorized VLKs and product keys, knowing or having reason to know that such VLKs

and/or product keys (a) are primarily designed or produced for the purpose of circumventing activation and/or validation features of Microsoft software, (b) have only limited commercially significant purpose or use other than to circumvent Microsoft's activation and/or validation features, or (c) are marketed by Defendants and persons acting in concert with Defendants for use in circumventing Microsoft's activation and/or validation features, in violation of 17 U.S.C. § 1201(a)(2);

      c.    willfully infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

      (1)    1,200,236 ("MICROSOFT");
      (2)    1,256,083 ("MICROSOFT");
      (3)    1,872,264 ("WINDOWS");
      (4)    1,816,354 (WINDOWS FLAG LOGO);
      (5)    1,815,350 (COLORED WINDOWS LOGO);
      (6)    1,475,795 ("POWERPOINT");
      (7)    1,741,086 ("MICROSOFT ACCESS");
      (8)    1,982,562 (PUZZLE PIECE LOGO);
      (9)    2,744,843 (COLORED FLAG DESIGN);
      (10)    2,188, 125 ("OUTLOOK"); and
      (11)    Any other items or works now or hereafter protected by any Microsoft trademark;

      d.    committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

      e.    trafficked in counterfeit and/or illicit Microsoft COA Labels, product key labels, documentation and packaging, in violation of 18 U.S.C. § 2318(a);

      f.    otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

2. That the Court issue permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

    a. imitating, copying, or making any other infringing use or infringing distribution of the software and/or materials now or hereafter protected by the following copyright Certificates Registration Nos.:

        (1) TX 5-407-055 ("Windows XP Professional");

        (2) TX 5-036-267 ("Windows 2000 Professional");

        (3) TX 5-837-617 ("Office 2003 Professional");

        (4) TX 5-872-225 ("Access 2003");

        (5) TX 5-837-636 ("Excel 2003");

        (6) TX 5-900-087 ("Outlook 2003");

        (7) TX 5-852-649 ("PowerPoint 2003");

        (8) TX 5-900-088 ("Word 2003");

        (9) TX 5-837-618 ("Publisher 2003"); and

        (10) Any other items or works now or hereafter protected by any Microsoft copyright;

    b. importing (to the United States), offering to the public, providing and trafficking in counterfeit and/or unauthorized VLKs and product keys, knowing or having reason to know that such VLKs and product keys (a) are primarily designed or produced for the purpose of circumventing activation and/or validation features of Microsoft software, (b) have only limited commercially significant purpose or use other than to circumvent Microsoft's activation and/or validation features, or (c) are marketed by Defendants and persons acting in concert with Defendants for use in circumventing Microsoft's activation and/or validation features;

   c. imitating, copying, or making any other infringing use or infringing distribution of the software and/or materials now or hereafter protected by the Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

    (1) 1,200,236 ("MICROSOFT");

    (2) 1,256,083 ("MICROSOFT");

    (3) 1,872,264 ("WINDOWS");

    (4) 1,816,354 (WINDOWS FLAG LOGO);

    (5) 1,815,350 (COLORED WINDOWS LOGO);

    (6) 1,475,795 ("POWERPOINT");

    (7) 1,741,086 ("MICROSOFT ACCESS");

    (8) 1,982,562 (PUZZLE PIECE LOGO);

    (9) 2,744,843 (COLORED FLAG DESIGN);

    (10) 2,188, 125 ("OUTLOOK"); and

    (11) Any other items or works now or hereafter protected by any Microsoft trademark;

   d. manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software, component, or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered Trademarks, Service Mark or Copyright Registration Numbers, including, but not limited to, those listed in Sections 2.a and 2.b above;

   e. using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered Trademarks, Service Mark, or Copyright Registration Numbers including, but not limited to, those listed in Sections 2.a and 2.b above, in connection with the manufacture, assembly, production, distribution, offering for distribution,

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 27

circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, and/or item not authorized or licensed by Microsoft;

    f. using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public erroneously to believe that any software program, component, or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

    g. using reproductions, counterfeits, copies or colorable imitations of Microsoft's copyrighted and trademark protected software and other materials in the distribution, offering for distribution, circulating, sale, offering for sale, advertising, importing, promoting, or displaying of any merchandise not authorized or licensed by Microsoft;

    h. using the names, logos, or other variations thereof of any of Microsoft's copyright and/or trademark-protected software in any of the Defendants' trade or corporate names;

    i. engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights;

    j. trafficking, distributing or intending to distribute any counterfeit or illicit Microsoft Certificates of Authenticity or Certificate of Authenticity Labels, or any Microsoft documentation or packaging; and

    k. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a through i above.

    3. That the Court enter an order, pursuant to 15 U.S.C. § 1116(d)(1)(A), 17 U.S.C. §§ 503(a), 509(a), and 1203(b), 18 U.S.C. § 2318(f)(2)(B), and 28 U.S.C. § 1651(a), impounding all counterfeit and infringing Microsoft software and/or materials bearing any of

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 28

Microsoft's trademarks or service mark, counterfeit or illicit Microsoft Certificates of Authenticity or Certificate of Authenticity Labels, or any Microsoft documentation or packaging, and any related items, including business records, that are in Defendants' possession or under their control, and ordering the remedial destruction of all impounded items;

4. That the Court enter an order, pursuant 15 U.S.C. § 1117(a), 17 U.S.C. §§ 504(b) and 1203(c), and 18 U.S.C. § 2318(f)(3), declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, all "profits" received by Defendants from their distribution or sale of counterfeit and infringing Microsoft software and/or materials, and issue temporary, preliminary and permanent injunctive relief enjoining and restraining Defendants and their agents from transferring, concealing or dissipating all profits and assets acquired in whole or in part with those profits;

5. That the Court enter an order requiring Defendants to provide Microsoft a full and complete accounting of all profits received by Defendants from their distribution or sale of counterfeit and infringing Microsoft software and/or materials, and of any other amounts due and owing to Microsoft as a result of Defendants' illegal activities;

6. That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

    a. Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) or, alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Microsoft's copyrights;

    b. Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 1203(c)(2) or, alternatively, statutory damages pursuant to 17 U.S.C. § 1203(c)(3);

    c. Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendants' willful violation of Microsoft's registered trademarks and service mark;

d. Microsoft's damages and Defendants' profits pursuant to 18 U.S.C. § 2318(f)(3) or, alternatively, statutory damages pursuant to 18 U.S.C. § 2318(f)(4).

7. That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by Microsoft in prosecuting this action; and

8. That the Court grant to Microsoft such other and additional relief as is just and proper.

Dated this 27th day of March, 2006.

*[signature]*
Reneé L. Coppock (Bar No. 1914)
CROWLEY HAUGHEY HANSON
TOOLE & DIETRICH PLLP

*[signature]*
Scott T. Wilsdon (*pro hac vice* pending)
Jeremy Roller (*pro hac vice* pending)
YARMUTH WILSDON CALFO PLLC

Attorneys for Plaintiff Microsoft Corporation